1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SUSAN R. MONTOYA,

                          Plaintiff(s),

         v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                          Defendant(s).

Case No. 2:16-CV-1530 JCM (PAL)

ORDER

Presently before the court is plaintiff Susan Montoya's ("plaintiff") motion to remand to state court.  (ECF No. 5).  Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "defendant") filed a response (ECF No. 7), to which plaintiff replied (ECF No. 11).

I.      Facts

This case involves a dispute over the payment of underinsured motorist benefits arising from an automobile collision.  Plaintiff is a resident of Nevada.  (ECF No. 1-1).  Defendant is an Illinois corporation with its principal place of business also in Illinois.  (ECF No. 1).

On January 21, 2013, plaintiff and nonparty Marie Gniech ("Gniech") were involved in a car accident allegedly caused by the negligence of Gniech.  (ECF No. 1-1).

At the time of the collision, plaintiff and Gniech were both insured by State Farm.  (ECF No. 1-1).  In particular, Gniech carried an automobile liability insurance policy with bodily injury limits of $100,000.00 per person and plaintiff carried an underinsured motorist ("UIM") policy with a limit of $15,000.00 per person.  (ECF No. 1-1).

On September 20, 2013, plaintiff sent defendant a demand letter seeking a payment pursuant to her UIM policy in the amount of $15,000.00.  (ECF No. 1-1).

**James C. Mahan**
**U.S. District Judge**

1    On February 26, 2016, plaintiff filed a complaint in state court, alleging three claims for

2    relief: (1) breach of contract; (2) violation of the Nevada Unfair Claims Practices Act, NRS

3    686A.310 *et seq.*; and (3) breach of the implied covenant of good faith and fair dealing.  (ECF No.

4    1-1).

5    In her complaint, plaintiff alleged that she incurred $102,302.95 in medical expenses,

6    defendant failed to respond to her demand letter, and she was entitled to an amount in excess of

7    $10,000.00.  (ECF No. 1-1).  Specifically, plaintiff's complaint sought compensatory damages for

8    denied policy benefits, consequential and incidental damages for pain and suffering, punitive

9    damages, attorney's fees, costs, and other appropriate relief.  (ECF No. 1-1).

10    On April 19, 2016, defendant was served with the summons and complaint.  (ECF No. 1-

11    1).  On May 19, 2016, defendant filed an answer.

12    On June 24, 2016, plaintiff filed a petition for exemption from arbitration (the "petition"),

13    claiming $372,812.46 in total medical costs and that damages exceeded $50,000.00.  (ECF No. 1-

14    2).

15    Based on the petition, defendant removed the action to this court on June 27, 2016.  (ECF

16    No. 1).

17    In the instant motion, plaintiff seeks remand of the action to state court, making two

18    arguments in support: (1) untimely removal; and (2) failure to prove the requisite jurisdictional

19    amount.  (ECF No. 5).  The court will address each in turn.

20    **II.    Legal Standard**

21    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

22    district courts of the United States have original jurisdiction, may be removed by the defendant or

23    the defendants, to the district court of the United States for the district and division embracing the

24    place where such action is pending."

25    For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the

26    parties must be completely diverse and the amount in controversy must exceed $75,000.00,

27    exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins.*

28    *Co.*, 319 F.3d 1098 (9th Cir. 2003).  A removing defendant has the burden to prove by a

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    preponderance of the evidence that the jurisdictional amount is met.  *See Sanchez v. Monumental*

2    *Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

3    Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case

4    to federal court.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing

5    28 U.S.C. § 1446(b)(2)).  Defendants are not charged with notice of removability "until they've

6    received a paper that gives them enough information to remove."  *Id.* at 1251.

7    Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's

8    receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts

9    necessary for federal court jurisdiction."  *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty*

10   *Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)).  "Otherwise, the thirty-day

11   clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion,

12   order or other paper' from which it can determine that the case is removable.  *Id*. (quoting 28

13   U.S.C. § 1446(b)(3)).

14   A plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C. §

15   1447(c).  Remand to state court is proper if the district court lacks jurisdiction.  *Id.*  On a motion

16   to remand, the removing defendant faces a strong presumption against removal, and bears the

17   burden of establishing that removal is proper.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,

18   403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

19   **III.    Discussion**

20   *(a) Timeliness*

21   Plaintiff argues that defendant's notice of removal was untimely pursuant to 28 U.S.C. §

22   1446(b)(1) because it was filed more than thirty (30) days after service of the complaint—

23   specifically, seventy (70) days thereafter.  (ECF No. 5).

24   Defendant argues that removal was timely pursuant to § 1446(b)(3) because it was filed

25   within thirty (30) days of the petition for exemption from arbitration (the "petition").  (ECF Nos.

26   1, 7).  In particular, defendant contends that plaintiff's initial $102,302.95 in medical expenses was

27   originally offset by Gniech's $100,000.00 insurance policy.  (ECF No. 7).  Defendant asserts it

28   was not clear that plaintiff's case exceeded the $75,000.00 jurisdictional requirement until the

**James C. Mahan**
**U.S. District Judge**
- 3 -

Case 2:16-cv-01530-JCM-PAL   Document 13   Filed 08/30/16   Page 4 of 4

petition revealed a newly updated sum of $372,812.46 in medical expenses. (ECF No. 7). Thus, defendant maintains, the petition was the first paper revealing that the alleged amount in controversy exceeded the threshold required and establishing a right for removal. (ECF No. 7).

Based on the foregoing, the court finds that removal was timely. Defendant was able to ascertain that plaintiff's case was removable only from the filing of her petition for exemption from arbitration. (ECF No. 1-2). Defendant complied with the relevant statutory provision allowing thirty (30) days from this date to remove the action. Accordingly, remand is not proper on this ground.

### *(b) Amount in controversy*

In her reply, plaintiff argues that "[p]laintiff neither concedes nor disputes whether the value of her claims exceed $75,000.00." (ECF No. 11 at 2). Rather, plaintiff contends that defendant has not met its heavy burden to establish the amount in controversy by a preponderance of the evidence. (ECF No. 11 at 2–3). The court disagrees.

A defendant is entitled to removal if it can demonstrate, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Sanchez,* 102 F.3d at 403–04. Defendant attached plaintiff's complaint and petition for exemption from arbitration to its notice of removal. (ECF No. 1). By reference to plaintiff's filings, defendant has met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Accordingly, plaintiff's motion to remand will be denied.

### IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand to state court (ECF No. 5) be, and the same hereby is, DENIED.

DATED August 30, 2016.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -